Green, Judge,
delivered the opinion of the court.
This is an action for money had and received to the use of the plaintiffs.
The facts, are as follows:. the plaintiffs are the children and heirs at law of Nicholas P. Smith, deceased; their father died seized and possessed of a considerable real and personal estate; the real estate consisted of lands consider ably, worn, and that were deemed by the friends of the plaintiffs • to be less valuable to them than the negroes. A bill was filed for the sale of the lands for the payment of debts.' By the consent of the widow and the plaintiffs, a decree was made, ordering the sale. The debts have been paid out of the funds so raised, and a considerable sum was left in the hands of the defendants, who, as attorneys, had collected the money. They had settled an account due them for professional services rendered to the widow, who was administratrix of N. P. Smith, and the balance in their hands they have paid to A. & W. Park, in discharge of an account due them from the administratrix. ' These payments were made by order of the administratrix. This suit is brought to recover the money which remained, after the payment of the debts of the estate.
. The court charged-the jury, “that, where the chancery court decrees the sale of real estate for the payment' of debts, on a bill filed by the administrator and heirs jointly, and does nothing more, then the proceeds of the sale are personalty, and belong to the administrator for the purpose of paying the debts, and the balance, if any there be for distribution, to the next of kin: that if the letters of the defendants, read in evidence by the plaintiffs, were to be understood as conveying a different idea, the court thought the writers were mistaken, and that such admission would not be conclusive upon them. But the jury would take these letters, as well as all the other evidence, into consideration, for the purpose of ascertaining whether the plaintiffs were in fact entitled to the money in controversy; that although the debts of the intestate may *323 have been paid, yet the balance of the proceeds of the sale of the land, made under such circumstances as above stated, where that balance was in the hands of an attorney who had collected it by suit, could not be recovered by the heirs, by action against the attorney, but should be paid by him to the administratrix: But if the jury should believe from the evidence that the plaintiffs were originally entitled to the money, or that it had been distributed to them by the administratrix, then the plaintiffs would be entitled to their verdict, subject, however, to such set off, if any, as the defendants may have shown themselves entitled to.”
The jury found for the defendants/ The plaintiffs moved for a new trial, which was refused, and they appealed in error to this court.
The doctrine of equitable conversion and its consequences, to which we have been referred in the argument, has no application to this case. Here, the lands descended to, and were vested in the plaintiffs as heirs at law of Nicholas P. Smith. The sale of the land by order of the court of chancery, upon their application for a specific purpose, could deprive them of their right'to the proceeds only so far as the effectu-ation of that purpose might reduce the fund. As the land belonged to them, of course the money which was left after the payment of the debts, must belong to them also. This money came to the hands of the defendants; they had no right to pay it to the administratrix or her order — an action, therefore, lies in favor of those who are legally entitled to the fund. We are of opinion, however, that the defendants are entitled to retain so much of this money, as may be due them for professional services rendered for the administratrix for the benefit of the estate, and of course for the interest of these plaintiffs. This action lies for moneys which ex equo et bono a defendant cannot retain; but to this extent, we think they are entitled to the fund in their hands.
As to the account of A. & W. Park against Mrs. Smith, it was improperly paid. That account was contracted on her own eredit, and is her private debt. If any of the plaintiffs received and consumed any of the articles purchased *324 of Messrs. Park, they became her debtors, but they can in no sense be regarded as debtors of A. & W. Park.
We think, therefore, his Honor erred in his charge to the jury, and we reverse the judgment.